IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2007

Charles R. Fulbruge III
Clerk

No. 07-60771

In re: STATE FARM FIRE & CASUALTY COMPANY

Petitioner

Petition for Writ of Mandamus to the United States
District Court for the
Southern District of Mississippi, Gulfport
(06-CV-1080)

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner State Farm Fire & Casualty Company has requested a writ of mandamus to require the district court to disqualify Richard F. Scruggs, the Scruggs Law Firm, P.A., and the Scruggs Katrina Group from representing the plaintiffs in the case of Thomas C. and Pamela McIntosh versus State Farm Fire & Casualty Company, Case No. 1:06-CV-1080-LTS-RHW, presently pending before Judge L.T. Senter, Jr., in the United States District Court for the Southern District of Mississippi. The underlying lawsuit is an insurance coverage dispute arising from damage to the plaintiffs' home following Hurricane

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Katrina. Scruggs and his law firm also currently represent or have represented hundreds of other plaintiffs against State Farm in similar lawsuits that are either pending or have settled.

State Farm seeks the disqualification of Scruggs and his firm because it contends that Scruggs violated the rules of ethics and committed professional misconduct by communicating ex parte and receiving confidential claims-related documents from two employees of E.A. Renfroe and Co., Inc., an independent company that provided claims adjusters to State Farm following the devastation of Hurricane Katrina. The district court determined that because State Farm had known about Scruggs' alleged improper conduct while it negotiated with Scruggs in the other suits but made no complaint, State Farm had waived its claim for disqualification. The court held that Scruggs should not be disqualified in the underlying case or in any other similar lawsuits pending in the Southern District of Mississippi.

State Farm argues that the district court's refusal to disqualify Scruggs was legal error and that its own delay in seeking disqualification does not justify denial of the motion where its claims implicate the public perception of the legal system. State Farm sets forth a list of alleged ethical violations by Scruggs.

A writ of mandamus is an extraordinary remedy that is appropriate only "'when the trial court has exceeded its jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court.'" In re Dresser Indus., Inc., 972 F.2d 540, 543 (5th Cir. 1992) (citation omitted). "Merely showing that the district court erred is insufficient to obtain mandamus relief." In re Avantel, S.A., 343 F.3d 311, 317 (5th Cir. 2003). Before issuing the writ, a court must find the following: "(1) the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires; (2) the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and

2

indisputable; and (3) even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." In re United States, 397 F.3d 274, 282 (5th Cir. 2005) (alterations in original) (internal quotation marks and citation omitted).

In light of all the circumstances in the instant case, State Farm fails to show that its right to the writ is so clear and indisputable that intervention from this court is necessary, and we are not persuaded that the writ is appropriate. Denial of a motion to disqualify will rarely justify the issuance of a writ of mandamus. In re American Airlines, Inc., 972 F.2d 605, 608 (5th Cir. 1992). Although State Farm argues that the public interest in upholding ethical violations is paramount here, attorney disqualification "is a sanction that must not be imposed cavalierly." FDIC v. U.S. Fire Ins. Co., 50 F.3d 1304, 1316 (5th Cir. 1995). Without deciding the contested issue of ethics, we are satisfied that Judge Senter has carefully weighed the balance between the need to ensure ethical conduct on the part of lawyers and other social interests, including litigants' right to choose their counsel. See Woods v. Covington County Bank, 537 F.2d 804, 810 (5th Cir. 1976). State Farm has failed to show the extraordinary circumstances necessary for relief.

Accordingly, IT IS ORDERED that the petition for writ of mandamus is DENIED.